UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARY BIKOWSKI,

                Plaintiff,

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,

                Involuntary Plaintiffs,

v.

DEBRA SKILLING and GEICO CASUALTY COMPANY,

                Defendants.

Case No. 23-CV-506-JPS

**ORDER**

---

      On August 31, 2023, Plaintiff Mary Bikowski ("Plaintiff") filed a motion for a protective order together with a proposed order. ECF Nos. 27, 27-4. Plaintiff represents that, despite initial disagreements, the parties now agree to entry of the proposed order. ECF No. 27 at 2. The parties request that the Court enter such an order because they anticipate that discovery will "involve the exchange and examination of Plaintiff's medical records." *Id.* Plaintiff further argues that the proposed protective order comports with the requirements of the Health Insurance Portability and Accountability Act ("HIPAA"), which allows disclosure of a person's protected health information for discovery purposes provided that certain

procedural requirements are met, including the return or disposal of protected health information at the end of the litigation. *Id.* at 2–3.

Federal Rule of Civil Procedure Rule 26(c) allows for an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "requiring that a trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G); *see also* Civ. L.R. 26(e).

Protective orders are an exception to the general rule that pretrial discovery must occur in the public eye. *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945–46 (7th Cir. 1999). Litigation must be "conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Nonetheless, the Court can enter a protective order if the parties have shown good cause and that the order is narrowly tailored to serve that cause. Fed. R. Civ. P. 26(c); *Citizens First*, 178 F.3d at 945; *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858 (7th Cir. 1994) (even when parties agree to the entry of a protective order, they still must demonstrate the existence of good cause). Protective orders are important in matters where discovery involves the disclosure of a patient's protected health information. *See Nw. Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 924–25 (7th Cir. 2004) (discussing 45 C.F.R § 164.512(e)(1)(v), "Standard: Disclosures for Judicial and Administrative Proceedings").

Upon consideration of Plaintiff's arguments, the Court is satisfied that there exists a sufficient basis for the requested protective order. The

good cause standard is met because this action will involve disclosure of Plaintiff's protected health information. The requested protective order is also narrowly tailored—for example, it provides a process for disclosure of Plaintiff's protected health information during the course of this litigation, but it does not authorize in advance the filing of documents under seal, instead reserving the determination of whether a seal is appropriate for the Court as may be necessary. ECF No. 27-4 at 3. Because the parties' proposed protective order adequately complies with the standards set forth above, the Court will adopt the parties' proposed order and incorporate its terms below.

The Court notes for future reference that any requests to seal or restrict filings containing confidential information should comply with General Local Rule 79(d). Restricted documents can be accessed only by the Court and counsel for all parties, whereas only the Court can access sealed documents. *Id.* Finally, this branch of the Court allows both parties and interested members of the public to challenge the designation of confidentiality by motion. The movant must accompany such a motion with the statement required by Civil L. R. 37. The designating party bears the burden of proving that the information, documents, or other material at issue are properly designated as confidential. The Court may award the party prevailing on any such motion actual attorney fees and costs attributable to the motion.

Accordingly,

**IT IS ORDERED** that Plaintiff Mary Bikowski's unopposed motion for a protective order, ECF No. 27, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** pursuant to Fed. R. Civ. P. 26(c), Civil L.R. 26(e), and 45 C.F.R. §§ 160 and 164,

1. The parties and their attorneys in the above captioned litigation are hereby authorized to receive, subpoena, and transmit "Protected Health Information" pertaining to Plaintiff, but only to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "Protected Health Information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. "Protected Health Information" includes, but is not limited to, health information, including demographic information, relating to (a) the past, present, or future physical or mental condition of an individual, (b) the provision of health care to an individual, or (c) the charges to and payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose protected health information pertaining to Plaintiff to attorneys representing the parties in the above-captioned litigation without a separate disclosure authorization.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action including any appeals of this case only. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court

personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 60 days after the conclusion of the litigation including appeals, the parties and their attorneys and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45 C.F.R. § 160.103.

8. Nothing in this Order authorizes counsel for the Defendant(s) to obtain medical records or information through means other than formal discovery requests, subpoenas,

depositions, pursuant to a patient authorization, or other lawful process.

9. This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information under seal.

Dated at Milwaukee, Wisconsin, this 5th day of September, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge